UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH GOSZTYLA, | No. 2:21-cv-1717 CKD P |
| Plaintiff, | |
| v. | ORDER |
| B. LY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation. On September 29, 2021, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that the complaint fails to state a claim upon which relief can be granted and gave plaintiff leave to file an amended complaint. Plaintiff has now filed an amended complaint.

As plaintiff already knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    After reviewing plaintiff's amended complaint, the court finds that it fails to state a claim
2    upon which relief can be granted under federal law.  The amended complaint must be dismissed.
3    The court will, however, grant plaintiff one more opportunity to state a claim upon which he can
4    proceed in a second amended complaint.

5    As in plaintiff's original complaint, plaintiff complains about dental care.  With respect to
6    claim 1, plaintiff's allegations are vague.  In order to state a claim upon which plaintiff might
7    proceed, plaintiff must allege in specific terms how each named defendant is involved.  There can
8    be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
9    between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
10   (1976).  Plaintiff's allegation on page 4 of his amended complaint that "each defendant had
11   knowledge of my need for dental care and failed to provide treatment of any kind" is not
12   sufficient.

13   As for claim 2, the allegations do not amount to deliberate indifference to a serious
14   medical need.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  Plaintiff complains about the
15   manner in which treatment was provided, but his allegations amount to no more than a difference
16   of opinion which is not sufficient to state a claim under the Eighth Amendment.  See, e.g.,
17   Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  "Deliberate indifference" can be shown
18   by an intent to harm or actions which amount to no treatment.  See Jett v. Penner, 439 F.3d 1091,
19   1096 (9th Cir. 2006).

20   It appears that plaintiff is attempting to raise claims under California law.  Plaintiff is
21   informed that before he may proceed on a claim arising under California law in this court, he
22   must comply with the terms of the California Tort Claims Act, and then plead compliance.  See
23   Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th
24   Cir. 1995).  Complaints must present facts demonstrating compliance, rather than simply
25   conclusions suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

26   Finally, plaintiff is informed again that the court cannot refer to a prior pleading in order
27   to make plaintiff's second amended complaint complete.  Local Rule 220 requires that any
28   amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 8, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gosz1717.14(2)