UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:21-cv-1717 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| B. LY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  On October 24, 2022, the court screened plaintiff's second amended complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The court found that plaintiff could proceed on claims for damages based upon denial of adequate dental care arising under the Eighth Amendment against defendants Ly, Archibald, and Berry.  Defendant Berry's motion for summary judgment (ECF No. 56) is before the court.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

1

purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

II. Plaintiff's Allegations

In his second amended complaint (ECF No. 20), signed under the penalty of perjury, plaintiff alleges that on May 20, 2020, plaintiff was seen at Mule Creek State Prison by Dr. Berry, a dentist and oral surgeon. Dr. Berry noted that an infection near or around a dental implant required that the implant be extracted. Defendant did not have the tools she would normally use to extract a dental implant with her, so she had to use what was available at Mule Creek: a tool that resembled pliers. Dr. Berry pulled, twisted, and wrenched the screw from plaintiff's jawbone for upwards of 15 minutes. The procedure was the most painful of plaintiff's life. Plaintiff informed Dr. Berry multiple times of the extreme pain, but she continued. At the end, plaintiff was covered in blood and tears.

III. Medical Care Under the Eighth Amendment

Denial of appropriate medical care for a prisoner's serious medical needs may constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison employee causes injury by being at least deliberately indifferent to a prisoner's serious medical needs. The deliberate indifference standard is established by a purposeful act or failure to act. Id. A showing of merely negligent medical care is not enough to establish a violation of the Eighth Amendment. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of

treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

IV.  Argument and Analysis

    A.  Not Deliberately Indifferent

Defendant Dr. Berry argues that there is no genuine issue of material fact that she was at least deliberately indifferent to plaintiff's serious medical needs with respect to the manner in which she removed plaintiff's implant. The following facts are either not disputed or are supported by the evidence viewed in the light most favorable to plaintiff. Except where otherwise noted, the facts identified are derived from the allegations in plaintiff's second amended complaint signed under penalty of perjury (ECF No. 20), and/or defendant Dr. Berry's affidavits submitted in support of her motion for summary judgment (ECF No. 56-4 at 17):[1]

    1.  The implant needed to be removed.

    2.  Emergency care was not required.

    3.  Plaintiff was not in pain before the implant procedure began.

    4.  Plaintiff consented to extraction after Dr. Berry discussed plaintiff's condition with him for a "long time." Id. at 10.

    5.  Before the procedure, plaintiff asked defendant Berry whether there were specific tools she would use to remove the screw at the base of plaintiff's implant. Id. at 68. Dr. Berry responded that she did not have any of those tools with her as she was not permitted to bring her own tools into the prison. Id. The extraction would be done with "the pliers provided at the facility." Id.

    6.  Plaintiff was given a local anesthetic of lidocaine and epinephrine.

    7.  Despite the anesthetic, plaintiff suffered extreme pain during the extraction which

---

[1] The court does not consider any additional facts presented by plaintiff in his opposition to defendant's motion for summary judgment (ECF No. 57) or the narrative attachment appearing as Exhibit B to that document as neither are in affidavit form, i.e. signed under the penalty of perjury.

1  lasted approximately 20 minutes.  Plaintiff made Dr. Berry aware of the pain he was suffering

2  during the procedure.  He requested more anesthesia which was given to him by Dr. Berry.  Id. at

3  66.

4      8.  Plaintiff never asked that Dr. Berry stop the extraction, and there is no indication that

5  delaying completion of the extraction to make it less painful would have been impossible or

6  dangerous to plaintiff's health.  Id.

7      9.  After the extraction, plaintiff was prescribed antibiotics and pain medication.  There is

8  no indication that plaintiff suffered any complications after the extraction.

9      10.  Dr. Berry asserts that in her expert opinion her care was within the standard of care

10  for oral surgeons. Plaintiff does not provide expert testimony to refute Dr. Berry's assertion.

11     Considering the foregoing, the court finds that there is no genuine issue of material fact as

12  to whether Dr. Berry was at least deliberately indifferent with respect to the manner in which she

13  extracted plaintiff's implant.

14     First, nothing suggests that plaintiff was forced to proceed with the tooth extraction at any

15  point.  Although delaying the extraction was not an entirely favorable alternative because the

16  implant needed to be removed, it could have been delayed.  Nonetheless, there is no indication

17  that a delay would have resulted in plaintiff suffering any less pain.

18     Second, while the evidence suggests Dr. Berry did not use the tools she would have

19  preferred to use in extracting plaintiff's implant, nothing indicates that plaintiff would have

20  suffered less pain had Dr. Berry been permitted to use her own tools.  Further, Dr. Berry indicates

21  that use of the tools she was provided was within the standard of care and plaintiff fails to point to

22  anything indicating otherwise.

23     Lesser factors also combine to establish a lack of deliberate indifference: 1) Dr. Berry's

24  use of more anesthesia when plaintiff indicated he was in pain, 2)  Dr. Berry's guidance provided

25  to plaintiff before the procedure including telling him that she did not have the tools she would

26  have preferred to use, 3) no evidence of any animus Dr. Berry had toward plaintiff, and 4) the fact

27  that Dr. Berry provided plaintiff with anti-pain and anti-infection medication post procedure.

28     To be clear, the court does not find that Dr. Berry's decision to proceed without her

preference of tools was, as a matter of law, her best course of action or even reasonable. But what matters here is whether the action she took amounted to either no action or action that was intended to be harmful; the record simply does not provide any factual support for such a finding. Put another way, while the record may or may not support a finding that Dr. Berry acted negligently under California law, it does not support a finding that she subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

B. Not Acting Under the Color of Law

Dr. Berry argues she was not acting under color of state law when she treated plaintiff as she was not an employee of the State of California, but was an independent contractor hired to provide services for plaintiff. ECF No. 4 at 19.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In West v. Atkins, 487 U.S. 42 (1988), the Supreme Court rejected Dr. Berry's argument with facts materially indistinguishable from those presented herein, id. at 54-58, where the defendant had a "contractual arrangement" with the state as opposed to being a state employee. Id. at 55. Defendant fails to point to any reason why her argument is not precluded by long-standing Supreme Court precedent.

V. Conclusion

For all the foregoing reasons, defendant Dr. Berry's motion for summary judgment should be granted, and she should be dismissed from this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that defendant Dr. Berry's motion for summary judgment (ECF No. 56) be granted, and that defendant Dr. Berry be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2024

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gosz1717.msj