1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD GOSZTYLA,                        No.  2:21-cv-01717 KJM CKD P

12                    Plaintiff,

13            v.                              ORDER

14   B. LY, et al.,

15                    Defendants.

16

17        Plaintiff, a California prisoner proceeding pro se, filed this civil rights action seeking

18   relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as

19   provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On June 17, 2024, the magistrate judge filed findings and recommendations, which were

21   served on all parties and which contained notice to all parties that any objections to the findings

22   and recommendations were to be filed within fourteen days.  F. & R., ECF No. 63.  Plaintiff filed

23   objections to the findings and recommendations.  Objs., ECF No. 64.  Defendant Dr. Berry filed a

24   response to the objections, Resp., ECF No. 65, and plaintiff has replied, Reply, ECF No. 66.

25        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

26   court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

27   findings and recommendations to be supported by the record and by the proper analysis.

28

                                    1

1   Plaintiff argues Dr. Berry was deliberately indifferent to his serious medical needs in

2   violation of the Eighth Amendment when Dr. Berry used tools available at the prison facility,

3   rather than utilizing specialized tools used by oral surgeons, to extract plaintiff's dental implant.

4   *See* Objs. at 2–3.  "To show deliberate indifference, the plaintiff must show that the course of

5   treatment the doctors chose was medically unacceptable under the circumstances and that the

6   defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."

7   *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations, alterations and quotations

8   omitted).  "Eighth Amendment doctrine makes clear that a difference of opinion between a

9   physician and the prisoner—or between medical professionals—concerning what medical care is

10  appropriate does not amount to deliberate indifference."  *Id.* (citations, alterations and quotations

11  omitted).  Here, as the magistrate judge notes, there is no evidence indicating Dr. Berry's use of

12  the tools at the facility fell below the acceptable standard of medical care.  *See* F. & R. at 5.  Nor

13  has plaintiff provided evidence that the care he received was medically unacceptable under the

14  circumstances.  Plaintiff's argument that Dr. Berry should have used different tools to extract his

15  implant shows a difference of opinion concerning what medical care is appropriate—it does not

16  amount to deliberate indifference.

17  Accordingly, IT IS HEREBY ORDERED that:

18  1.  The findings and recommendations (ECF No. 63) are adopted in full;

19  2.  Defendant Dr. Berry's motion for summary judgment (ECF No. 56) is granted;

20  3.  Defendant Dr. Berry is dismissed from this action; and

21  4.  This matter is referred back to the magistrate judge for all further pretrial proceedings.

22  DATED:  August 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

2