UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:21-cv-1717 DC CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B. LY, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On October 24, 2022, the court screened plaintiff's second amended complaint as the court must do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on claims based on denial of adequate dental care arising under the Eighth Amendment against defendants Dr. Ly, Dr. Archibald and Dr. Berry for damages. Dr. Berry was dismissed on August 19, 2024. Dr. Ly and Dr. Archibald's motion for summary judgment is before the court.

I. Timeliness of Motion

Plaintiff asserts the court should deny the pending motion as untimely. The deadline to file the motion was March 18, 2024 (ECF No. 55) and the motion was filed on that day (ECF No. 58). The motion is timely.

/////

1

II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely on the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must show that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be

shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. That said, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III. Facts

The following facts are either undisputed or are supported by the evidence viewed in the light most favorable to plaintiff. Except where otherwise noted, the facts identified are derived from the allegations in plaintiff's second amended complaint, which is signed under penalty of perjury (ECF No. 20), the exhibits attached thereto, and / or defendants' affidavits submitted in support of the motion for summary judgment (ECF No. 58-5 & 7).

1. Plaintiff arrived at Mule Creek State Prison in October of 2019. Between October 17, 2019, and December 16, 2019, plaintiff submitted three requests for teeth cleaning. Plaintiff made a fourth request on January 22, 2020:

> I have requested . . . to see a dentist for a cleaning, the first request was made in October, nearly 4 months ago, and I still have not seen a dentist in any regard. Please address this issue and inform me when I will have an appointment. This is inhuman treatment!

/////

2. Plaintiff was seen by Dr. Ly on January 29, 2020. Plaintiff was not in any pain that day. ECF No. 58-5 at 18. Dr. Ly took x-rays and conducted a general evaluation of plaintiff's teeth. Dr. Ly commented about plaintiff's condition as follows:

> I noted that his Implant #9 tooth had 12 mm probing with purulent, and he had inflamed gingival tissues (indicative of a failed implant). Plaintiff's tooth #9 implant had extensive bone loss which was well past the coronal threads of the implant. I also noted that Plaintiff's overall oral health was poor.

Plaintiff alleges that Dr. Ly informed plaintiff that his implant had become infected. No treatment was provided for plaintiff's infection.

3. Following the visit, Dr. Ly requested that the "Dental Authorization Review Committee" approve plaintiff for a consultation with an oral surgeon for removal of the implant. The consult was approved on February 12, 2020.

4. On March 2, 2020, a hygienist cleaned the teeth on the right side of plaintiff's mouth. The infection was on the left side of plaintiff's mouth. Plaintiff arrived to the cleaning in no pain (ECF No. 58-5 at 23) and was dismissed from the cleaning "in good condition" (ECF No. 58-5 at 21).

5. Plaintiff was scheduled to have the rest of his teeth cleaned on March 16, 2020, but the appointment was cancelled due to Covid-19. Id. at 28. Nothing suggests Dr. Ly was involved in the decision to cancel the appointment.

6. On April 7, 2020, plaintiff requested that his teeth cleaning be completed. Plaintiff was informed that, due to Covid-19 and because plaintiff did not require urgent care, his second teeth cleaning would not be scheduled. Id. Again, nothing suggests Dr. Ly had any involvement in the decision not to schedule the second cleaning.

7. Plaintiff submitted a second request on April 15, 2020. Specifically, plaintiff requested as follows:

> I have an implant that is potentially infected, and or in danger of becoming infected, and need the second half of my deep cleaning on that side of my mouth. This is a potential serious problem and needs done ASAP regardless of COVID-19. Please call me in ASAP, it has been nearly 3 years since I've been allowed to get this cleaning done.
> . . .

4

ECF No. 20 at 23. It appears the second request was approved. ECF No. 58-5 at 42.

8. It is not clear when the teeth cleaning was completed, but it was not completed by May 5, 2020, when the implant mentioned above was pulled. When plaintiff arrived for his consultation with the oral surgeon and implant extraction he was not in any pain. Id. at 44. After extraction, plaintiff was given antibiotics to treat his infection. RT at 26.

9. On May 18, 2020, plaintiff filed a grievance concerning the medical care he received through the extraction of his implant. ECF No. 20 at 35. Dr. Archibald submitted a written response to the grievance which is dated July 21, 2020. Id. at 44-45.

10. Plaintiff had no issues in the area of the implant after it was removed. RT at 26-27.

IV. Medical Care Under the Eighth Amendment

Denial of appropriate medical care for a prisoner's serious medical needs may violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison employee causes injury by being at least deliberately indifferent to a prisoner's serious medical needs. The deliberate indifference standard is met with either a purposeful act or failure to act. Id. A showing of merely negligent medical care is not enough to establish a violation of the Eighth Amendment. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

V. Arguments and Analysis

A. Dr. Ly

Dr. Ly argues that there is no genuine issue of material fact that he was at least deliberately indifferent to plaintiff's serious medical needs. Essentially, plaintiff complains about the treatment provided by Dr. Ly as to the failing implant. Plaintiff believes Dr. Ly should have taken some course of action other than recommending that plaintiff be permitted to consult an oral surgeon for possible implant extraction.

/////

In his second amended complaint, plaintiff asserts Dr. Ly should have given plaintiff antibiotics or "medical grade mouthwash" to help fight plaintiff's infection, but plaintiff fails to point to any evidence suggesting provision of such items was medically appropriate or that they would have helped plaintiff in any way. Plaintiff fails to point to any other treatment options available to Dr. Ly.

Defendants provide an affidavit from Dr. Matthew Milnes, D.D.S. ECF No. 58-6. Among other things, Dr. Milnes reviewed plaintiff's pleadings, the transcript of his deposition, and his dental records. ECF No. 58-6 at 3. Ultimately, Dr. Milnes concludes "Dr Ly provided appropriate care . . . did not delay treatment, and was not responsible for the loss of implant #9 ..." Id. at 10. Plaintiff fails to point to any admissible evidence suggesting the conclusions reached by Dr. Milnes are false.

Plaintiff also takes issue with the length of time it took for plaintiff to have his first examination by Dr. Ly. Plaintiff believes that had he been seen sooner, his implant may have been saved. It is not clear whether at least some of the delay as to Dr. Ly's examination of plaintiff is attributable to either defendant. But there is nothing before the court indicating that the delay was the result of at least deliberate indifference, and nothing suggests either defendant was aware of the failing implant before Dr. Ly saw plaintiff. As indicated above, plaintiff began asking for a teeth cleaning on October 17, 2019. In his requests, plaintiff never mentioned he had an implant, that he was having issues with the implant, or any other conditions suggesting immediate attention was required under the Eighth Amendment. Plaintiff suggests that it was incumbent upon defendants under the Eighth Amendment to either have reviewed plaintiff's medical records when plaintiff arrived at Mule Creek or possibly when plaintiff requested teeth cleanings. Because plaintiff only requested a teeth cleaning, it cannot be found that defendants' failure to review plaintiff's medical records amounted to indifference to plaintiff's condition or a failure to respond to it.

For these reasons, there is no genuine issue of material fact as to whether Dr. Ly caused plaintiff injury by being at least deliberately indifferent to plaintiff's serious medical needs. More specifically, there is no admissible evidence suggesting Dr. Ly caused plaintiff any injury or that

he was ever at least deliberately indifferent to the condition of plaintiff's teeth. Dr Ly is entitled to summary judgment.

### B. Dr. Archibald

Dr. Archibald's only involvement with plaintiff's dental care concerned the review of plaintiff's grievance filed after his implant was extracted. In his second amended complaint, plaintiff points to Dr. Archibald's position as the "Supervising Dentist" at Mule Creek as a basis for liability under 42 U.S.C. § 1983. However, in § 1983 cases there is no respondeat superior liability, e.g. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), meaning a supervisor cannot be held liable simply because of a supervisorial position. To proceed against Dr. Archibald, there must be evidence that he violated plaintiff's Eighth Amendment rights through his own actions. Id.

Plaintiff fails to point to anything suggesting Dr. Archibald caused plaintiff injury by being at least deliberately indifferent to his serious medical needs. Nothing suggests Dr. Archibald was aware of plaintiff's condition at all until plaintiff filed his grievance. For these reasons, Dr. Archibald is entitled to summary judgment.

Defendants also argue plaintiff failed to exhaust available administrative remedies with respect to his claim against Dr. Archibald. Under 42 U.S.C. § 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The court has reviewed the grievance which was submitted by plaintiff and there is nothing in the grievance which exhausts administrative remedies for any actionable claim against Dr. Archibald. ECF No. 58-7 at 7-17.[1]

### VI. Conclusion

For the foregoing reasons, defendants Dr. Ly and Archibald are entitled to summary judgment. Because no other defendants remain, this case should be closed.

---

[1] Defendants also argue they are entitled to summary judgment based on the qualified immunity doctrine. Because there is no genuine issue of material fact as to whether either defendant's conduct violated a clearly established constitutional right, summary judgment based on qualified immunity is also appropriate. Saucier v. Katz, 533 U.S. 194, 201 (2001).

7

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants Dr. Archibald and Dr. Ly's motion for summary judgment (ECF No. 58) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 15, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gosz1717.msj(2)